STEPHEN P. HENRY, appellant, *vs.* NABBY FISKE *et als.*

An executor, being indebted upon promissory notes to his testate's estate for a considerable sum, was also residuary legatee of one third of the estate. He returned the notes as worthless in his account, and also made charges for services of different kinds : —

*Held*, on appeal, that the charges for services, and also the one third of the residue given him, were to be paid to him by giving him credit on his note indebtedness, unless such credit exceeded two thirds of the amount due on the notes.

It being agreed that this executor had no property : —

*Held*, that to exonerate himself in his trust as executor, he might charge off the notes as worthless, — this, however, not to affect his liability as an individual.

APPEAL from the Probate Court of Providence.

*February* 19, 1876. DURFEE, C. J. This is an appeal taken by the executor of the will of Hannah Henry from a decree of the Municipal Court[1] of the city of Providence, disallowing certain items of his account. Three items or matters of the account are contested before us.

1. The appellant charges the estate $458.00, paid his wife for a room and board furnished, and for services performed for the testatrix during her lifetime. The appellees object that the claim

---

[1] This court has probate jurisdiction in Providence.

belonged to the appellant and not to his wife, and that it was exorbitant. The amount paid for room rent and board was $158.00. The appellant testifies, in explanation of the payment, that he has no property, is in bad health, and can do but little for his family, which is and has been mainly supported by his wife who has property of her own. But the testatrix made her contract for the board and room with the appellant; the house in which they were provided was a hired house, the appellant being, for anything that appears, the lessee. We think the claim must be regarded as belonging to the appellant, and that the payment to the wife must be disallowed, though the appellant may be permitted to credit the amount upon the notes due from him to the estate.

The amount paid for services was $300.00. The services were personally rendered by the appellant's wife. We think the payment, in so far as it was reasonable, may be allowed, but, upon the testimony, it should be reduced from $300.00 to $100.00.

2. The testatrix, at the time of her decease, held the promissory notes of the appellant for $2,019.90, which were inventoried at the full value expressed on their face. The appellant has charged them off in his account as worthless or uncollectible. It is conceded that the appellant has no property, but he is one of three residuary legatees under the will, and there will be a residue for distribution; and he has, moreover, charged the estate $300.00 for his services as executor. The appellees contend that he should not be allowed to charge off the notes in these circumstances. We think the appellant may, for the purpose of exonerating himself as executor, but not personally, charge them off, subject, however, to the condition that the amount allowed him for his services shall not be paid out of any moneys in his hands, but credited on the notes; and that, in the distribution of the residue, his third of the residue shall also be credited on the notes, and the entire residue be divided between the two other residuary legatees, unless his third of the residue, together with any other lawful credits, shall exceed two thirds of what is due upon the notes, in which case he shall have the amount by which his third of the residue exceeds the two thirds remaining due upon the notes, and only the remainder of the residue, including the portion of his third credited upon the notes, shall be divided between the two other residuary legatees.

3. The appellees object to the charge for services. We allow the charge, the amount thereof to be paid as above stated.

*Decree providing :* —

1. *The payment of $158 to appellant's wife for board and room disallowed as payment to wife, but the appellant to be at liberty to credit that amount on his notes.*

2. *The payment of $300 to wife for personal services reduced to $100, and allowed for that amount.*

3. *Appellant's charge of $300 for services as executor allowed, to be paid by crediting the amount on his notes.*

4. *The appellant allowed to charge off the notes in exoneration of himself as executor, but not personally, subject to credits as aforesaid ; and subject to the further condition that his share of the residue shall be paid by crediting the same on the notes, the entire residue being divided between the two other residuary legatees, unless his third of the residue, with other lawful credits, shall exceed two thirds of what is due on the notes, in which case he shall have such excess, the two other residuary legatees taking only the remainder of the residue, including therein the part of the appellant's third credited upon the notes.*

*George M. Carpenter, Jr.,* for appellant.

*Dexter B. Potter,* for appellees.